# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**James Collins,**

      **Plaintiff,**

                                   Case No. 17-2140-JWL

**v.**

**Keebler Company d/b/a
Kellogg's Snacks,**

      **Defendant.**

## MEMORANDUM & ORDER

In February 2017, plaintiff filed a petition against defendant in state court asserting claims arising out of his employment with defendant. Thereafter, defendant removed the case to federal court. This matter is presently before the court on plaintiff's motion to dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). As will be explained, the motion is granted.

Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action on plaintiff's request on terms that the court considers proper. Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *See* Fed. R. Cv. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

Absent legal prejudice to the defendant, the court normally grants such a dismissal. *Id*. (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). As noted by the Tenth Circuit,

> [p]rejudice does not arise simply because a second action has been or may be filed against the defendant, "which is often the whole point in dismissing a case without prejudice." Rather, prejudice is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff."

*Id*. at 1124 (quotations and citations omitted).

In his motion to dismiss, plaintiff contends that each of the pertinent factors weigh in favor of dismissal without prejudice. The court agrees and concludes that defendant will suffer no legal prejudice if this case is dismissed subject to certain curative conditions. The record reveals that this case is in the early stages of discovery. No depositions have been taken and no dispositive motions have been filed. Indeed, defendant does not contend that it has incurred any expense "preparing for trial." While the parties have exchanged discovery responses and the production of documents, plaintiff agrees that the parties may utilize the evidence discovered in this case in any subsequent action. The court, then, will order that any discovery exchanged in this action be used in any subsequent action. Thus, the court rejects defendant's argument that it will suffer prejudice in light of the expenses it has incurred if the case is dismissed.[1]

---

[1] Defendant highlights that it incurred considerable expense participating in two mediation sessions. Defendant, however, does not suggest that such efforts are rendered useless by plaintiff's dismissal and it may be that such efforts will assist the parties as they evaluate their

As for plaintiff's explanation for seeking a dismissal, he asserts that he intends to pursue his claims through arbitration pursuant to the collective bargaining agreement between defendant and his union and suggests that defendant will not arbitrate plaintiff's grievance while this litigation is pending—an assertion that defendant does not deny. Defendant asserts that plaintiff is, in fact, "doing nothing more than forum shopping." The court, however, cannot draw this inference based on the record before it and is not persuaded that plaintiff's proffered explanation warrants denial of the motion. Similarly, the court, on the record before it, cannot conclude that plaintiff "excessively delayed and lacked diligence in filing his motion." The delay described by defendant is not plaintiff's delay in filing the motion (which was filed 6 months after he filed his state court petition and in the early stages of discovery) but plaintiff's "two year" delay in filing his petition after the termination of his employment. Defendant complains that plaintiff, prior to filing his lawsuit, delayed his pursuit of arbitration and his pursuit of workers' compensation benefits. Defendant, however, directs the court to no authority that this type of delay should factor into an analysis of whether a Rule 41(a)(2) dismissal is appropriate. Moreover, plaintiff contends that defendant played a significant part in the delay in scheduling an arbitration of plaintiff's claims.

For the foregoing reasons, the court concludes that defendant will suffer no legal prejudice if this case is dismissed. Defendant, then, contends that plaintiff should be required to pay any duplicative expenses incurred by defendant should plaintiff file a subsequent lawsuit. But defendant should incur few, if any, duplicative expenses in light of the court's order that all

---

claims and defenses going forward. Nothing about the fact that the parties engaged in mediation, then, suggests that defendant will suffer legal prejudice if the case is dismissed.

discovery exchanged in this case be used in any subsequent case.  The one exception is the cost incurred by defendant in removing this case to federal court.  If plaintiff refiles a subsequent action in state court that is subsequently and appropriately removed by defendant, then plaintiff shall be required to pay the cost of removal, including reasonable attorney fees.  Defendant also contends that plaintiff should be precluded from claiming any element of damage that accrued during the period of dismissal.  Defendant cites no authority supporting this suggestion, and the court rejects it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to dismiss without prejudice (doc. 19) is **granted** subject to the condition that any discovery conducted in this action be used in any subsequent action and plaintiff shall be responsible for the cost of removal, including reasonable attorney fees, if he files a subsequent action in state court that is appropriately removed by defendant.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge